IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| v. | )  Criminal Case No. CR-20-00020-001-RAW |
| | ) |
| WENDELL RAY CAUDLE, | ) |
| | ) |
| Defendant/Movant. | ) |

## ORDER

A grand jury returned an Indictment on March 10, 2020, charging Defendant Wendell Ray Caudle ("Defendant") with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Count 1"), possession of firearm in furtherance of drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Count 2"), and felon in possession of firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count 3"). [Doc. 3]. On August 20, 2020, Defendant pleaded guilty to Counts 1 and 2 of the Indictment. [Doc. 49]. On February 3, 2021, Defendant was committed to the custody of the Bureau of Prisons ("BOP") to be imprisoned for a total term of 58 months on Count 1 and 60 months on Count 2. [Doc. 65]. The court ordered the sentences to run consecutively with each other. *Id*. Judgment was entered on February 5, 2021. [Doc. 68].

Now before the court is the *pro se* "Motion for Clarification" filed by Defendant. [Doc. 114]. Defendant is an inmate at FMC Lexington, a BOP facility in Kentucky. In the instant motion, Defendant refers to good time credits under the First Step Act of 2018. [Doc. 114 at 3]. Citing *United States v. Davis*, 139 S. Ct. 2319 (2019) and *United States v. Taylor*, 142 S. Ct. 2015 (2022), Defendant claims he was not convicted of a crime of violence. He argues that "[s]imple clarification is needed" so that he "will be better suited to ascertain his eligibility for future benefits as afforded to him by the First Step Act of 2018." *Id*. at 4.

The Government filed an objection to Defendant's motion for clarification. [Doc. 117]. The Government contends that "Defendant's ultimate goal is to change the method by which the Bureau of Prisons (BOP) will calculate his good credit time and evaluate related programs." *Id*. at 4. The Government points out that "Section 924(c)(1)(A) applies to anyone who uses, carries a

firearm, or possesses a firearm 'during and in relation to any crime of violence or drug trafficking crime,'" and that "Defendant was charged with possession in relation to a drug trafficking crime, not a crime of violence." *Id*. at 5.  Accordingly, the Government claims the court "should deny Defendant's invitation to issue an advisory ruling interpreting the phrase 'crime of violence.'" *Id*. The Government also reminds the court that "the BOP, not the sentencing court, controls how time to be served is computed," and that the "BOP has exclusive jurisdiction to determine sentence credits for inmates in the first instance." *Id*.  The court agrees with the Government.

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992).  As noted by the Government, "[i]f Defendant wishes to challenge the calculation of his good time credits, he must first 'exhaust his administrative remedies, and only then, if dissatisfied, may he seek review via 2241 habeas petition.'" [Doc. 117 at 5].  *See United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) ("As a result, Defendant must bring his request for sentence credit to the Bureau of Prisons in the first instance and thereafter seek judicial review of the Bureau's determination.").  Moreover, this court lacks jurisdiction to consider a Section 2241 petition filed by Defendant.  Assuming Defendant had exhausted his administrative remedies, Defendant would then be required to file his Section 2241 petition in the Eastern District of Kentucky, where he is imprisoned.  "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  Lastly, Defendant is not entitled to time credits under the First Step Act.  *See* 18 U.S.C. § 3632(d)(4)(A) and (D).  Defendant is serving a sentence for a conviction under § 924(c), and he is ineligible to receive time credits under 18 U.S.C. § 3632(d)(4)(D)(xxii).

Defendant's Motion for Clarification [Doc. 114] is DENIED.

It is so ordered this 7th day of March, 2024.

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA