1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF OKLAHOMA

FILED

SEP – 2 2025

BONNIE HACKLER
Clerk, U.S. District Court

By_____
Deputy Clerk

UNITED STATES OF AMERICA,      §      NO. 20-cr-20
                               §
            Plaintiff,         §
                               §
v.                             §      RENEWED MOTION
                               §      FOR REDUCTION IN
                               §      SENTENCE PURSUANT
                               §      TO
WENDELL CAUDLE,                §      18 U.S.C. § 3582(c)(1)(A)(i)
                               §
            Defendant.         §

## I.   INTRODUCTION

COMES NOW, the defendant, Wendell Caudle, Pro Se, in this renewed motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Caudle is an inmate eligible for relief through this Court via 18 U.S.C. § 3582(c)(1)(A)(i) where he seeks relief as the only available caregiver for his infirm father and his own diagnosis of multiple cardiac issues. The Federal Bureau of Prisons has been lackadaisical at best when attempting to provide him the finite care he needs and his father is now in need of fulltime care that only he can provide. This Court previously denied Mr. Caudle citing main one single factor, that he did not exhaust his administrative remedies. Mr.

Caudle now attaches proof of that exhaustion. Subsequently, this motion in now ripe for review.

## II.    BACKGROUND

In order to avoid redundancy and to conserve the Court's time, Mr. Caudle will refer to and rely on the previous motion for background information, as the Court is familiar with the previous filings for a reduction in sentence via 18 U.S.C. § 3582.

## III.    ARGUMENT

### a) The Court has the authority to consider the defendants motion because more than 30 days have elapsed since his request was received by the Lexington Warden.

Although the compassionate release statute previously permitted sentence reductions only upon motion of the Director of the Bureau of Prisons (BOP), Congress expanded the statute in the *First Step Act of 2018*. Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (Dec. 21 2018). Mr. Caudle, again, in spirit of redundancy, will refer to his previous motion for context regarding this issue.

It is Mr. Caudle burden to show that he has exhausted his administrative remedies. See *United States v. Pena-Lora*, No. 15-20695, 2020 U.S. Dist. LEXIS 120429, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020). In this case, the timing provision

has been satisfied by Mr. Caudle. Mr. Caudle submitted a request for a reduction in sentence to the warden of his facility. The request was denied on July 25, 2025 by the warden of FMC Lexington, David Paul. It's interesting to note, that Warden Paul, I his denial, has incorrectly cited the reasons for denial, stating that "parents are not currently identified as applicable under the caregiver portion of the policy." This denial and statement by the Warden is categorically incorrect.

**b) This Court is entitled to determine what constitutes "extraordinary and compelling" reasons that justify a reduction in sentence.**

Mr. Caudle, again, in spirit of redundancy, will refer to his previous motion for context regarding this issue.

In November 2023, *Amendment 814* to the Sentencing Guidelines revised U.S.S.G. § 1B1.13 to expand the list of extraordinary and compelling circumstances. U.S.S.G. § 1B1.13. The application notes also provide examples of "extraordinary and compelling" circumstances which  includes: (1) a defendant is suffering from a terminal illness with a prognosis of life expectancy/end-of-life trajectory; (2) a defendant is suffering from a serious physical or medical condition; (3) a defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in

health or death; (4) a defendant presents the following circumstances: (i) the defendant is housed at a correctional facility affected or at eminent risk of being affected by (a) an ongoing outbreak of infectious disease, or (b) an ongoing public health emergency declared by the appropriate federal, state, or local authority; (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or thee ongoing public health emergency described in clause (i); and (iii) such risk cannot be adequately mitigated in a timely manner; (5) age of the defendant; **(6) family circumstances**; (7) victim of abuse; (8) other reasons; (9) unusually long sentences. [Other reasons such as rehabilitation of the defendant, a change in law, or the fact that an extraordinary and compelling reasons reasonably could have been known or anticipated by the sentencing Court does not preclude consideration for a reduction under this policy statement.]

### c) This Court's discretion is not limited by the existing policy statement.

Congress enabled incarcerated persons to file "direct motions to district Courts' for sentence modification in part to "increase the use of compassionate release," and  the "only way"

United States v. Caudle, No. _____
Renewed Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

to give force to the command "is to allow district judges to consider the vast variety of circumstances that may constitute extraordinary and compelling.'" **United States v. Brown**, -- F. Supp. 3d--, 2019 WL 4942051, at \*2 (S.D. Iowa Oct 8, 2019); **United States v. Redd**, 2020 WL 1248493 at \*7 (E.D. Va. March 16, 2020) (citing cases). Mr. Caudle, again, in spirit of redundancy, will refer to his previous motion for context regarding this issue.

> **d) Mr. Caudle can establish "extraordinary and compelling" reasons based on his father's need for his fulltime care and current medical issues, pursuant to U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).**

Mr. Caudle's father has no-one else to care for him. As previously described, Mr. Caudle's sister[1] is unable to provide the fulltime care he needs. as he is suffering from a serious medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13 cmt.n.1 (A)(ii)(I).

For these reasons, Mr. Caudle has shown "extraordinary and compelling reasons" warranting a sentence reduction under § 3582(c)(1)(A)(i). See **United States v. Samuels**, No. 14-42, 2020

---

[1] Mr. Caudle's sister, Kendra is a wife, mother, and business owner that unfortunately cannot devote the time needed that her father requires. In a perfect world, this is the only other available caregiver for their father.
United States v. Caudle, No. _____
Renewed Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

U.S. Dist. LEXIS 232495, 2020 WL 7265378, at *4 (W.D. La. Dec. 10, 2020) (finding a Care Level 3 defendant with Stage IV kidney disease showed extraordinary and compelling reasons for compassionate release).

### e) Mr. Caudle has served over 50% of his sentence.

Mr. Caudle in the instant matter has served well over 50% of 85% GCT date. Many Courts have granted compassionate release motions where defendants have only served 10% to 20% of their sentence.

In **United States v. Robinson**, 2020 WL 5200929, at *1 (W.D. Mo., July 22, 2020), the Court granted the defendant's motion for compassionate release and sentenced him to home confinement for the remainder of his sentence. He had served 28-months of a 132-month sentence, or 21%. He suffered from obesity, hypertension, heart disease and diabetes.

In **United States v. Ranck**, No. 3:12-CR-00054 (S.D. Iowa July 09, 2020), the Court granted immediate compassionate relief where the defendant had served approximately 75% of his sentence. He was a career offender, had eleven criminal history points, and according to the government—did not have a suitable release plan. The judge in that case ended her opinion stating, "[T]he Court is satisfied that with his current diagnosis, **Ranck**

United States v. Caudle, No. _____
Renewed Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

is no longer a threat to the community. Compassionate release in this circumstances is appropriate."

In *United States v. Reed*, No. 3:199-CR-74 (D. Conn. June 30, 2020), the Court granted compassionate release for a defendant that had only served six months of her 97-month sentence, or 6%. She had hypertension and obesity, and was also the sole caretaker of her daughter.

In *United States v. Hood*, No. 18-cr-30016 (C.D. Ill. Oct. 23, 2020), the Court granted compassionate release when the defendant served 32-months of a 120-month sentence, or 27%. The defendant had obesity, hypertension and chronic Kidney disease. Here, Mr. Caudle has served roughly 80% of his sentence via GCT [good conduct time].

Notably, the Department of Justice found that "[d]efendants released through compassionate release programs are less than a tenth as likely to recidivate as the average federal prisoner." *United States v. Osorto*, 2020 WL 2323038, at *5 (N.D. Cal. May 11, 2020) (citing *Dept. of Justice, Office of the Inspector General, The Federal Bureau of Prisons Compassionate Release Program* 49-50 (2013) ("Inspector General Report")). It is estimated that "broader use of compassionate release could save taxpayers millions and free desperately needed space in BOP facilities." *Id* (citing Inspector General Report at 45—48).—

*United States v. Copeland*, 2020 WL 2537250, at \*4 (E.D.N.Y. May 19, 2020). The time that Mr. Caudle has served has achieved the original sentences deterrent, incapacitative and rehabilitative purposes.

> **f) Mr. Caudle will not be a danger to the community if released, and a sentence reduction of time served constitutes a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing.**

When extraordinary and compelling reasons are established, the Court must consider "all relevant 18 U.S.C. § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d 1098, 2020 WL 6817488, at \*11.

Under 18 U.S.C. § 3553(a), there are seven factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kind of sentences available; (4) the kinds of sentence and the sentencing range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See 18 U.S.C. § 3553.*

In this case, Mr. Caudle has demonstrated "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), and now this Court must determine if

those reasons outweigh the § 3553(a) factors to warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A); *see* also *United States v. Sanchez-Chavez*, 2021 U.S. Dist. LEXIS 234021, 2021 WL 5804279, at *3 (E.D. Tex. Dec. 7, 2021). The elements of release easily outweigh the 18 U.S.C. § 3553(a) factors. There is no doubt that Mr. Caudle crimes were serious. His crimes effected the community-at-large. It's been only after years of reflection before his illness that Mr. Caudle realizes the extent and ripple effect of his actions. He is regretful and beyond remorseful. He has subsequently committed himself to living a life of honor and integrity where he hopes to someday make his community whole again.  This is of the utmost importance to him. Under all the circumstances in this case, the Court should conclude that the time Mr. Caudle has already served is sufficient to satisfy the purposes of sentencing.

Under *Pepper v. United States*, 562 U.S. 476, 490-93 (2011), the Court can, and indeed must, consider post-offense developments under § 3553(a). *Pepper*, in the context of Mr. Caudle's situation offers a different glimpse into his post-sentencing developments. Under *Pepper*, the Court must also consider "the most up-to-date picture" of the defendant's history and characteristics, which "sheds light on the

United States v. Caudle, No. _____
Renewed Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

likelihood that [the defendant], will engage in future criminal conduct." 562 U.S. art 492.

Mr. Caudle is now nearly 57-years old. He has lost his mother since his incarceration began and his father now needs him, as no other family member is available to help him. His sole focus in life is to remain healthy and be there for his father. Mr. Caudle's father, his sickness, age, high-school education, and Criminal History Category show that his risk of recidivism remains low. See *Report At A Glance: Recidivism & Federal Sentencing Policy*[2].

Here, the main factors under 18 U.S.C. § 3553(a) that were not present at the time of sentencing is his father's deteriorating health condition, his over-all health, and Mr. Caudles untreated health issues. "Although his offenses were serious, he was younger at the time of their commission [;] he is now beyond the age where a heightened risk of recidivism is expected." ***United States v. McHenry***, No. 1:93-CR-88, 2024 U.S. Dist. LEXIS 57094, 2024 WL 1363448, at *5 (N.D. Ohio Mar. 29, 2024).

---

[2] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/backgrounders/RG-recidivism-overview.pdf (explaining that the Sentencing Commission's study showed that age, education and low criminal history is associated with a low likelihood of reoffending).
United States v. Caudle, No. _____
Renewed Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

The sentence purposes of just punishment does not warrant a sentence that includes Mr. Caudles fathers continued suffering and his own documented delays in treatment.

The *Eighth Amendment's* prohibition on cruel and unusual punishment includes exposure to dangerous conditions in custody. *Helling v. McKinney*, 509 U.S. 25, 28 (1993); see also *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995) (applying *Helling* to exposure to asbestos); *Brown v. Mitchell*, 327 F. Supp. 2d 615, 650 (E.D. Va. July 28, 2004) (applying *Helling* to contagious diseases caused by overcrowding conditions.) Mr. Caudle is at a constant risk of being exposed and contaminated by contagions while living in a prison built in the 40's that is latent with asbestos and other harmful toxicities, as well as the other sickly inmates around him.

Despite Mr. Caudle mounting health issues, he has availed himself of all the programming possible, with the purposes of just punishment being met. He has been discipline free for years. Mr. Caudle has been, by all definitions a model inmate and made the best possible use of his time. Mr. Caudle cannot work due to his illness but does spend an extraordinary amount of time working with other inmates in custody, offering them support. Mr. Caudle conduct coupled with his family issues, his debilitating issues shows that he is not a threat to public

United States v. Caudle, No. _____
Renewed Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

safety, and that granting compassionate release would not endanger the community.

The totality of the circumstances demonstrates that reducing Mr. Caudle sentence to time served is "sufficient, but not greater that necessary" to serve the purposes of sentencing under 18 U.S.C. § 3553(a). The 18 U.S.C. § 3553(a) factors can be met in this case by an order of home confinement as a condition of supervised release.

Mr. Caudle has a release plan to ensure his safe transition to the community. For his own issues, he will have access to insurance, physicians, and a care team that will help stabilize and maintain his own conditions.

Mr. Caudle would request that the Court order the United States Probation Office to conduct a home visit to establish that the residence will be suitable for the Court.

## IV.    CONCLUSION

Mr. Caudle has done an enormous amount of self-reflection since his incarceration began. He realizes the wrongs he has committed. He's taken advantage of all the resources offered to him in prison. Mr. Caudle has established extraordinary and compelling reasons to justify his compassionate release. Mr. Caudle is not a danger to the community and should be granted compassionate release.

United States v. Caudle, No. _____
Renewed Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

WHEREFORE, all premises considered, Mr. Caudle requests an order reducing his sentence to time served followed by a period of home confinement to be established by the Court.  Should the Court require further briefing, based on the emergent nature of this request, he would request the appointment of counsel to expedite the matter.

Respectfully submitted this 14th day of August, 2025.

X_____     /s/ _____

Wendell Caudle, Pro Se
Fed. Reg. No.
FMC Lexington
P.O. Box 14500
Lexington, Kentucky 40512

United States v. Caudle, No. _____
Renewed Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)