IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OAKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | NO. 20-CR-20-RAW |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | |
| | § | |
| WENDELL RAY CAUDLE, | § | |
| | § | |
| Defendant/Movant. | § | |

FILED

NOV 1 7 2025

BONNIE HACKLER
Clerk, U.S. District Court

By_____
Deputy Clerk

## DEFENDANT'S RESPONSE TO GOVERNMENTS OBJECTION TO THE RENEWED MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. §3582(c)(1)(A)(i)

COMES NOW, the defendant, Wendell Ray Caudle, Pro Se, in this response to the government's objection to his renewed motion for compassionate release. The government through its motion, opposes the renewed motion. It appears at face value that the government has potentially copied a previous motion related to 'COVID-19' issues and unrelated/not previously litigated with the pending renewed motion. Regardless, the defendant will argue the governments individual points in their objection.

As a matter on general housekeeping and to respect the court's time, the defendant will concede to the government's assertions related to the procedural history of the case.

Firstly, the government now agrees that the defendant has now fully exhausted his administrative remedies, with the Warden denying him on July 24, 2025, thus making this motion ripe for review. The Court in its previous rejection only lists the exhaustion requirements for denial. No other issues were addressed by the Court.

The government then cites in its argument & authorities that the defendant does not meet the definition of 'extraordinary and compelling circumstances' via the statute. Everything the government cites seems to be prior to the *2023 Amendments* from the United States Sentencing Commission. In November 2023, *Amendment 814* to the Sentencing Guidelines revised U.S.S.G. § 1B1.13 to expand the list of extraordinary and compelling circumstances. *See* U.S.S.G. § 1B1.13.

The application notes also provide examples of "extraordinary and compelling" circumstances which includes: (1) a defendant is suffering from a terminal illness with a prognosis of life expectancy/end-of-life trajectory; (2) a defendant is suffering from a serious physical or medical condition; (3) a defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death; (4) a defendant presents the following circumstances: (i) the defendant is housed at a correctional facility affected or at eminent risk of being affected by (a) an ongoing outbreak of infectious disease, or (b) an ongoing public health emergency declared by the appropriate federal, state, or local authority; (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or thee ongoing public health emergency described in clause (i); and (iii) such risk cannot be adequately mitigated in a timely manner; (5) age of the defendant; (6) family circumstances; (7) victim of abuse; (8) other reasons; (9) unusually long sentences. [Other reasons such as rehabilitation of the defendant, a change in law, or the fact that an extraordinary and compelling reasons reasonably could have been known or anticipated by the sentencing Court does not preclude consideration for a reduction under this policy statement.]. The government fails to

recognize or cite any of these amendments that the defendant has used in his renewed motion. It is unclear to the defendant what the government now asserts, while ignoring the Sentencing Commissions latest Amendment. The defendant will assume that the government concedes to these newly cited issues because they remain unaddressed.

The government then continues to argue the compassionate release in conjunction with the COVID-19 pandemic. The defendant in the instant motion has not used COVID-19 specifically as a cause for compassionate release. The governments argument for compassionate release related to COVID-19 is really irrelevant at this point and not applicable.

Relating to the defendant's current health issues, things have not changed since his original filing. As his records show, he continues to suffer from his previously documented health issues. Making the bold assertion that the BOP has the capacity to provide 'responsive care' is bold and unsubstantiated. What is however astounding is the Government's statement that his home community of southeast Oklahoma and western Arkansas can't provide its residents better care than that of a correctional institution. This statement is not only untrue but completely insults the professionals that provide fine medical care that residents receive.

The government then attempts to address the issues surrounding his fathers rapidly declining health. It fails. The government states that the defendant has made 'sparse allegations' about his father's health. The government also cites that he has 'wholly failed' to explain why he is the only available care giver for his father. The letters to the Court from family members clearly outline why he is the only suitable fulltime caregiver for his father. Hiss step-mother is unable to be the fulltime caregiver and his adult sister is no longer able to devote the time she previously devoted due to her work and own families demands. It should be noted that the letter addressed from 'Mr. and Mrs. Caudle' are from his father and step-mother. His mother did

tragically pass away in September of 2023, as his sister's letter referenced. The government however concedes later in its motion that his sister and possibly niece can provide the care he needs-consequently admitting that his father <u>does in fact</u> need the care of a caregiver. As previously stated, ad nauseum, his sister is no longer available and his niece is not a viable option based on her own dire circumstances. The government again further steps in its own argument stating that 'community resources' have not been addressed. Why on earth would the government suggest there are community resources to help care for his father, when earlier in the same motion the government clearly states that the communities' medical services its providers are not qualified to give quality care to the defendant. The two are completely inapposite of each other.

Lastly, the government argues that the defendant's lengthy criminal history 'indicates' he would pose a continuing danger to the community. The government seems to completely ignore what lengthy efforts the defendant has taken to change his life. Simply put, the defendant is not the same man that came into prison. He is sober the entirety of his sentence, has rededicated his life to Jesus Christ, serves as an institutional mentor to other struggling inmates and has found a hobby in the arts to occupy his time, in and outside of prison. The defendant will not reoffend. He has met the objectives of the governments original sentence. Releasing him to help care for his ailing father is not only right but in the interests of justice.

The defendant has met the bar for compassionate release. He begs the Court for an order of time served followed by any additional orders the Court finds appropriate to ensure the Court's faith and confidence.

Respectfully submitted this 13th day of November, 2025.

X _____    11-12-25
Wendell Ray Caudle
Fed. Reg. No. 01807-509
FMC Lexington
P.O. Box 14500
Lexington, KY 40512